UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM GOOSBY, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-00340 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| FRANK KENDALL, | : | |
| SECRETARY OF THE AIR FORCE, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(DOC. NO. 8)**

---

Presently before the Court is the Motion to Dismiss Plaintiff's Complaint ("Motion") filed by Defendant Frank Kendall, Secretary of the Air Force, ("Defendant"). (Doc. No. 8.) Plaintiff William Goosby's ("Plaintiff") Complaint alleges claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, disability discrimination and retaliation under the Rehabilitation Act, and age discrimination under the Age Discrimination in Employment Act, all related to his employment as a civilian contractor with the United States Air Force. (Doc. No. 1.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.     **BACKGROUND**

Plaintiff is a fifty-three-year-old African-American man, employed as a civilian with the United States Air Force's SMSM Flight. (Doc. No. 1 at PageID 2.) Prior to his employment with the Air Force, Plaintiff served in the United States Army for twenty-three years, serving four tours of combat. (*Id*.) As a result of his service, Plaintiff suffers from Post-Traumatic Stress Disorder,

1

which limits his cognitive functions, including his memory, concentration, interaction with others and emotions. (*Id*. at PageID 3.)

In September 2019, Plaintiff's supervisors, Captain Grant Johnson ("Johnson") and Jerome Trebach ("Trebach"), initiated an investigation into Plaintiff's duty times based on information from the National Air and Space Intelligence Center's ("NASIC") security records. (*Id*.) The NASIC security records reflect an individual's building access and security but may not record events such as fire drills. (*Id*. at PageID 3-4.) According to Defendant, Johnson's audit revealed that Plaintiff's submitted hours did not match the entry and exit logs for his badge in and out of his work area. (Doc. No. 8 at PageID 40.)

Due to Plaintiff's PTSD, he could not recall where he was during all of the dates Johnson identified as having discrepancies between his submitted hours and entry/exit logs. (Doc. No. 1 at PageID 4.) Plaintiff submitted leave requests totaling 29 hours to cover the time periods he could not account for. (*Id*.) Johnson denied those requests and, on January 4, 2020, he charged Plaintiff with 59.30 hours of Leave Without Pay ("LWOP"). (*Id*. at PageID 4-5.) On January 30, 2020, Plaintiff was issued with a Notice of Proposed One Day Suspension and charged with 65 hours of Absent Without Leave ("AWOL"). (*Id*.) On April 27, 2020, Plaintiff was issued a Decision to Reprimand. (*Id*.)

Several months earlier, on September 25, 2019, Plaintiff had spoken to NASIC Inspector General, Lieutenant David VanPelt ("VanPelt") about his issues with Johnson and complained of a hostile work environment and racial discrimination in the workplace. (*Id*. at PageID 4.) On October 2, 2019, Plaintiff again met with VanPelt and another NASIC Inspector General, Lieutenant Colonel Picchi, to discuss the concerns he raised at the September 25 meeting. (*Id*.)

During this time, Plaintiff applied for a GS-13 position in the Russian SATCOM flight.

2

(*Id*. at PageID 5.) At the time, Plaintiff had 23 years of intelligence experience, including 8 years with the Russian SATCOM team. (*Id*.) Plaintiff was not interviewed for the position because Johnson pulled Plaintiff's resume from consideration, and Plaintiff received notice of his non-selection on October 29, 2019. (*Id*. at PageID 5-6.)

On November 7, 2019, Plaintiff was moved to a new supervisor. (*Id*.) However, on November 18, 2019, Johnson issued an appraisal score for Plaintiff that was lower than the score Plaintiff had received the previous year. (*Id*.) On November 22, 2019, Plaintiff filed an informal Equal Employment Opportunity Complaint. (*Id*. at PageID 4.)

Plaintiff was issued a notice of rights letter on October 5, 2021. (Doc. No. 1 at PageID 2.) Plaintiff requested a hearing before the Equal Employment Opportunity Commission ("EEOC") on October 20, 2020. (*Id*.) On August 24, 2021, the EEOC issued a decision granting Defendant's motion for summary judgment and, on October 4, 2021, Defendant issued its Final Order/Final Action giving Plaintiff the right to file this suit. (*Id*.)

Plaintiff filed his Complaint on December 20, 2021. (Doc. No. 1.) Defendant filed the present Motion on March 25, 2022 (Doc. No. 8) and Plaintiff filed his opposition on April 14, 2022 (Doc. No. 9). Defendant filed its reply on May 9, 2022. (Doc. No. 11.) The matter is fully briefed and ripe for review and decision.

II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

3

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. <u>ANALYSIS</u>

Defendant argues that the Court should dismiss all of Plaintiff's discrimination and retaliation claims to the extent that they are premised on conduct not raised in his EEOC complaint. (Doc. No. 8 at PageID 44.) Specifically, Defendant argues that, in the Complaint, Plaintiff

supports his discrimination claims with adverse actions that were linked to his retaliation claims at the EEOC level and vice versa. (*Id*.) Defendant further argues that Plaintiff alleges for the first time in his Complaint that the LWOP charge, AWOL charge, and his one-day suspension were all discriminatory. (*Id*.) Defendant also argues that Plaintiff alleges for the first time in his Complaint that his performance appraisal, non-selection for the Russia SATCOM position, and his Decision to Reprimand were retaliatory. (*Id*.) Defendant finally argues that all remaining claims should be dismissed for failure to state a claim. (*Id*. at PageID 45-48.)

In response, Plaintiff argues that he has exhausted his administrative remedies because his claims could reasonably be expected to grow out of his EEOC complaint. (Doc. No. 9 at PageID 64.) Plaintiff argues that he presented claims relating to a hostile work environment, retaliation, and discrimination based on race, color, disabled status, and age to the EEOC and that these claims are substantially the same as those he presented in this Court. (*Id*. at PageID 66.) Plaintiff further argues that his Complaint alleges sufficient facts to survive a motion to dismiss. (*Id*. at PageID 66-70.)

    a. **Exhaustion of Administrative Remedies**

Under Title VII, the Rehabilitation Act, and the ADEA, a plaintiff must exhaust the administrative remedies available to them prior to filing suit in federal court. *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731 (6th Cir. 2006); *Flowers v. Potter*, No. 3:05-cv-52, 2008 U.S. Dist. LEXIS 23980, at *22, 2008 WL 697630 (S.D. Ohio Mar. 11, 2008). The purpose of the exhaustion requirement is essentially two-fold. First, it triggers an investigation that puts "the alleged wrongdoer on notice of its potential liability." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (citing *Davis v. Sodexho Cumberland Coll. Cafeteria*, 157 F.3d 406, 463 (6th Cir. 1998)); *Hersko v. Wilson*, No. 3:15-cv-215, 2018 U.S. Dist. LEXIS 119573, at *34-35, 2018 WL 3456262 (S.D. Ohio July 18, 2018).

Second, the requirement enables the EEOC to attempt to initiate conciliation procedures that may avoid litigation entirely. *Dixon*, 392 F.3d at 217 (citing *Davis*, 157 F.3d at 463); *Randolph*, 453 F.3d at 731. "The charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (quoting 29 C.F.R. § 1601.12(b)).

The Sixth Circuit has consistently held that this requirement "is not meant to be overly rigid, nor should it 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'" *Randolph*, 453 F.3d at 732 (quoting *EEOC v. McCall Printing Co.*, 633 F.2d 1232, 1235 (6th Cir. 1980)); *see also Haithcock*, 958 F.2d at 675; *Tingle v. Arbors at Hilliard*, No. 2:09-cv-1159, 2011 U.S. Dist. LEXIS 43281, at *9-10, 2011 WL 1532021 (S.D. Ohio Apr. 21, 2011); *Hersko*, 2018 U.S. Dist. LEXIS at *35. Therefore, the Sixth Circuit has directed that "the EEOC Complaint should be liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'" *Randolph*, 453 F.3d at 733 (quoting *Haithcock*, 958 F.2d at 675).

According to the EEOC's Initial Conference Order[1], the accepted issues were as follows:

1. Was the Complainant discriminated against on the bases of race (African-American), color (Black), and disability (mental), age (DOB 1968) and the victim of a hostile work environment when on:

---

[1] Defendant argues, in response to Plaintiff's Opposition, that the Initial Conference Order does not convert its Motion into a motion for summary judgment. (Doc. No. 11 at PageID 90.) However, Plaintiff's opposition simply distinguishes Defendant's reading of *Flowers v. Potter*, No. 3:05-cv-52, 2008 U.S. Dist. LEXIS 23980, 2008 WL 697630 (S.D. Ohio Mar. 11, 2008). (Doc. No. 9 at PageID 64.) The Court does not view this as an argument by Plaintiff to convert the Motion to a motion for summary judgment. Regardless, the Court may consider documents that are referenced in a plaintiff's complaint and are central to a plaintiff's claims. *Gulfside Casino P'ship v. Churchill Downs Inc.*, 861 F. App'x 39, 42 (6th Cir. 2021). The EEOC complaint process is a large part of Plaintiff's Complaint and is part of the administrative record; therefore, the Court can and will consider the Initial Conference Order. *See Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). However, the Court will not consider Plaintiff's Investigative Summary (Doc. No. 9-1). The document bears no indication of what agency or group prepared it, who prepared it, or any other indication of authenticity.

6

>   a. 29 October 2019 the complainant was notified that he did not get selected for a promotion for which he had applied for through USA Jobs, which Capt Grant Johnson, NASIC/SMSM[,] was the selecting official for?
>
>   b. 18 November 2019 the complainant received an appraisal score from Capt Grant Johnson, NASIC/SMSM, which was lower compared to previous appraisals?
>
>   2. Was the complainant discriminated against on the basis of reprisal (protected communication with NASIC Inspector General's Office 2 October 2019) when on 4 January 2020, Capt Grant Johnson[,] NASIC/SMSM, charged the complainant 59.30 hours of Leave Without Pay (LWOP) based on discrepancies between the NASIC security badge system and ATAAPS for dates ranging from 8 July 2019 to 12 September 2019?
>
>   3. Was the complainant discriminated against on the basis of reprisal (this EO complaint.), when on 30 January 2020, the complainant received a Notice of Proposed (1 Day) Suspension and charging the complainant 65 hours of Absent Without Leave (AWOL) for dates ranging from 23 July 2019 to 12 September 2019 from Capt Grant Johnson, NASIC/SMSM?
>
>   4. Was the complainant discriminated against on the bases of race (African-American), Color (Black), disability (mental), age (DOB 1968), and Reprisal (this EO complaint), when on 27 April 2020 the complainant received a Decision to Reprimand from Lt Col Justin Picchi, NASIC/SMS?

(Doc. No. 8-1 at PageID 50-51.)  Each claim in Plaintiff's Complaint generally states that Defendant discriminated or retaliated against him by:

>   [S]ubjecting Plaintiff to a hostile work environment, denying him a promotion, issuing him an unwarranted performance appraisal score, charging him with LWOP and AWOL and issuing proposed and actual discipline.

(Doc. No. 1 at PageID 7-10.)

Defendant argues that Plaintiff attempts to support the discrimination claims contained within the Complaint with actions he only linked to retaliation at the EEOC level, namely the LWOP and AWOL charges and the Notice of Proposed Suspension.  (Doc. No. 8 at PageID 44.) Defendant further argues that Plaintiff attempts to support the retaliation charges contained within the Complaint with actions that were only linked to the discrimination charges below, namely the

7

performance appraisal, non-selection, and Decision to reprimand. (*Id.*)

While Defendant is correct that Plaintiff did not use all of these actions to support both of his discrimination and retaliation charges during the EEOC process, all of these actions were included in the Initial Conference Order. Defendant was on notice that it may be liable for misconduct related to these actions and the relevant scope of the complaint was limited to discrimination and retaliation. *Dixon*, 392 F.3d at 217 (citing *Davis*, 157 F.3d at 463); *Hersko*, 2018 U.S. Dist. LEXIS 119573, at *34-35. Moreover, technicalities should not prevent the Court from reaching the merits of a plaintiff's complaint "'solely on the grounds of a non-jurisdictional requirement whose brief absence caused [defendant] no prejudice. . . .'" *Hill v. City of Dayton*, No. 3:17-cv-334, 2019 U.S. Dist. LEXIS 178998, at *19, 2019 WL 5209157 (S.D. Ohio Oct. 16, 2019) (quoting *Portis v. Ohio*, 141 F.3d 632, 634 (6th Cir. 1998)). Simply put, Defendant was made aware of the actions Plaintiff found to be objectionable and Defendant was made aware that Plaintiff felt he had been discriminated and retaliated against.

The Court must also be mindful of the Sixth Circuit's instruction that EEOC complaints should be "liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'" *Randolph*, 453 F.3d at 733 (quoting *Haithcock*, 958 F.2d at 675.) Moreover, the exhaustion requirement "is not meant to be overly rigid, nor should it 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'" *Randolph*, 453 F.3d at 732 (quoting *McCall*, 633 F.2d at 1235); *see also Tisdale.*, 415 F.3d at 527 (quoting *Davis*, 157 F.3d at 463 (internal quotation omitted)) ("Actions in federal court 'should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include the exact wording which might be required in a judicial

8

pleading.'"). It is perfectly rationale to read the initial Conference Order and see that the actions tied to the discrimination claims may also implicate the retaliation claims and vice versa. The Court need not unnecessarily restrict Plaintiff's access to this Court when all the actions alleged in the Complaint appeared before the EEOC in some form.

### b. Failure to State a Claim

As previously stated, to survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not enough. *Twombly*, 550 U.S. at 555. Further, the factual allegations must be enough to raise a right to relief above the speculative level and must also do something more than merely create a suspicion of a legally cognizable right. *Id*. However, the Court is not bound to accept as true a legal conclusion couched as factual allegation or unwarranted factual inferences. *Id*.

### 1. Discrimination

Title VII of the Civil Rights Act prohibits discrimination "against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA prohibits discrimination on the basis of age, *Flowers*, 2008 U.S. Dist. LEXIS 23980, at *24, and the Rehabilitation Act prohibits discrimination on the basis of disability. *Lyons v. Donahoe*, No. 3:14-cv-21, 2016 U.S. Dist. LEXIS 86256, at *15 (S.D. Ohio July 1, 2016).

Where, as here, the plaintiff does not allege direct evidence of discrimination, the Court employs the burden-shifting analysis set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). *Cox v. Shelby State Cmty. College*, 48 F. App'x 500, 505 (6th Cir. 2002); *Johnson v. Scotts Co.*, No. 2:11-cv-20, 2011 U.S. Dist. LEXIS 148577, at *5-6, 2011 WL 6415521 (S.D. Ohio Dec. 21, 2011). In order to make out a *prima facie* case

9

for discrimination, the plaintiff must show that (1) he was a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the position in question; and (4) he was replaced by someone outside the class, or a similarly situated non-protected employee was treated differently. *McDonnell-Douglas*, 411 U.S. at 802.

Plaintiff alleges that he is a member of multiple protected classes: African-American, black, disabled, and fifty-three years old. (Doc. No. 1 at PageID 3.) He further alleges that he was denied a promotion and was disciplined in multiple ways by his supervisor. (*Id*. at PageID 4-6.) Plaintiff alleges that he was qualified both for his position and the position he applied for by way of his twenty-five years of intelligence experience. (*Id*. at PageID 3.) Finally, Plaintiff alleges that he was the only member of his flight to have his time audited and to be denied an interview for the Russia SATCOM position. (*Id*. at PageID 5-6.)

Plaintiff's Complaint sufficiently states enough facts, taken as true at this stage, to state a claim for discrimination. The Complaint need not contain "detailed factual allegations" regarding each element of the *prima facie* case. *Twombly*, 550 U.S. at 555. Therefore, Plaintiff has done enough to have "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 2. Retaliation

Title VII, the Rehabilitation Act, and the ADEA all prohibit retaliation against a plaintiff who brings a claim under those acts. *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (ADEA retaliation claim); *Ferrero v. Henderson*, 341 F. Supp. 2d 873, 887 (S.D. Ohio 2004) (Rehabilitation Act retaliation claim); *Reynolds-Collins v. Donahoe*, 2015 U.S. Dist. LEXIS 118427, at *10, 2015 WL 5174641 (S.D. Ohio Sept. 4, 2015) (Title VII retaliation claim). Those plaintiffs who do not present direct evidence of retaliation are required to establish a *prima facie*

case. *Fox*, 510 F.3d at 591; *Ferrero*, 341 F. Supp. 2d at 887; *Reynolds-Collins*, 2015 U.S. Dist. LEXIS 118427, at *10. To establish a *prima facie* case of retaliation, a plaintiff must show: (1) plaintiff engaged in protected activity; (2) defendant knew that the plaintiff was engaged in the protected activity; (3) defendant took an action that was 'materially adverse' to plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action. *Fox*, 510 F.3d at 591; *Ferrero*, 341 F. Supp. 2d at 887 (citing *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001); *Reynolds-Collins*, 2015 U.S. Dist. LEXIS 118427, at *10 (citing *Weeks v. Michigan, Dep't of Cmty. Health*, 587 F. App'x 850, 858 (6th Cir. 2014) (internal citation omitted)).

Reviewing the facts alleged by Plaintiff, which the Court must take as true, Plaintiff alleges that he engaged in protected activity by meeting with the Inspector General and filing an informal complaint regarding his discrimination and retaliation complaints. (Doc. No. 1 at PageID 4-6.) Plaintiff alleges Defendant was aware of his Complaint. (*Id*. at PageID 8, 10.) Moreover, Plaintiff alleges that Defendant took adverse actions against him by denying him a promotion, giving him a low performance appraisal score, charging him with LWOP and AWOL, and disciplining him with a proposed one-day suspension and the Decision to Reprimand. (*Id*. at PageID 4-6, 8, 10.) Finally, Plaintiff alleges that he spoke to the Inspector General in September 2019 and October 2019 and he filed his informal complaint in November 2019, while the adverse actions taken against him occurred in November 2019, January 2020, and April 2020. (*Id*. at PageID 4-6.) In cases where the adverse employment action occurs "very close in time" to the protected activity, the Sixth Circuit has held that temporal proximity is sufficient to establish causation. *Montell v. Diversified Clinical Servs.*, 757 F.3d 497, 505 (6th Cir. 2019) (citing *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008)); *Harper v. City of Cleveland*, 781 F. App'x 389, 397 (6th

11

Cir. 2019); *George v. Youngstown State Univ.*, 966 F.3d 446, 460 (6th Cir. 2020). In this instance, with the allegations in the Complaint taken as true, the close temporal proximity between the various dates that Plaintiff complained to the Inspector General and the adverse employment actions pushes this claim from conceivable to plausible.

### 3. Hostile Work Environment[2]

A hostile work environment claim requires proof that "'(1) plaintiff belongs to a protected class; (2) [plaintiff] was subject to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known about the harassment and failed to take action.'" *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 482 (6th Cir. 2020) (quoting *Phillips v. UAW Int'l*, 854 F.3d 323, 327 (6th Cir. 2017)). "In determining whether an actionable hostile work environment claim exists, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (internal citation omitted). In evaluating these claims, the court will look at whether the harassment was "sufficiently severe or pervasive to alter the conditions of [a plaintiff's] employment and create an abusive working environment." *Phillips*, 854 F.3d at 327 (internal citations omitted). Thus, occasional offensive utterances do not rise to the level required to create a hostile work environment because "[t]o hold otherwise would risk changing Title VII into a code of workplace

---

[2] Plaintiff does not allege a separate claim for hostile work environment. A hostile work environment claim is a distinct theory of discrimination. *See AMTRAK v. Morgan*, 536 U.S. 101, 115, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) ("Hostile environment claims are different in kind from discrete acts [of discrimination or retaliation].") As such, it should be pleaded separately under Rule 10(b) of the Federal Rules of Civil Procedure. *Smith v. Glenny Glass Co.*, No. 1:06-cv-638, 2007 U.S. Dist. LEXIS 29370, n.5, 2007 WL 1202713 (S.D. Ohio Apr. 20, 2007) (citing *Harris v. Radioshack Corp.*, 2002 U.S. Dist. LEXIS 16096, 2002 WL 1907569, at *2 (S.D. Fla. 2002)).

civility." *Grace v. USCAR*, 521 F.3d 655, 679 (6th Cir. 2008) (internal quotation marks omitted).

In this instance, Plaintiff has failed to allege that he was the subject of severe or pervasive harassment. At most, Plaintiff alleges that Johnson disparaged him during a security clearance investigation, but it is unclear whether Plaintiff was present when these comments were made or when these comments were made. Plaintiff does allege that Johnson initiated the duty time investigation against him in September, gave him a negative appraisal score in November, and issued LWOP and AWOL charges in January. However, Plaintiff does not allege that these actions were physically threatening or humiliating or that they altered the conditions of his employment. Nor does Plaintiff allege the type of constant and pervasive conduct that typifies a hostile work environment claim. *Berry v. Barnett*, No. 3:19-cv-140, 2021 U.S. Dist. LEXIS 72983, at *25, 2021 WL 1424677 (S.D. Ohio Apr. 15, 2021) (dismissing hostile work environment claim where the plaintiff did not allege facts addressing the frequency or severity of the alleged harassing events). At most, these are occasional instances that have been found to be insufficient to establish a hostile work environment claim. *Grace*, 521 F.3d at 679.

Moreover, Plaintiff simply states as part of his allegations for his other claims that he was subjected to a hostile work environment. (Doc. No. 1 at PageID 6-10.) This is the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that is insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Therefore, the Court dismisses[3] the Complaint to the extent it asserts a claim for hostile work environment.

IV. **CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART**

---

[3] Plaintiff asks the Court for leave to file an amended complaint in the event the Court grants Defendant's Motion. (Doc. No. 9 at PageID 62.) It is unclear whether an amendment would be necessary given that the Court did not dismiss an individual claim. The Court will deny the request without prejudice at this time.

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 8).  Defendant's Motion is denied to the extent it seeks to dismiss the Complaint for failure to exhaust administrative remedies and failure to state a claim.  Plaintiff's Complaint is dismissed to the extent it asserts a claim for hostile work environment.

      **DONE** and **ORDERED** in Dayton, Ohio, this Monday, July 11, 2022.

                                                 s/Thomas M. Rose
                                                 THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE